826 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert Hayes McDONALD, Petitioner-Appellant,
v.
John REES, et al., Respondents-Appellees.
 No. 86-5184
 United States Court of Appeals, Sixth Circuit.
 August 25, 1987.
 
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner, a state prisoner, appeals from denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Petitioner was convicted of rape and sodomy in a Kentucky court in 1978 and in this appeal claims he was denied dur process at his state court trial because statements and comments of the state prosecutor rendered his trial fundamentally unfair.
 
 
 2
 At the state court trial there was evidence that the petitioner had detained other women and had sexual intercourse with them prior to his encounter with the prosecuting witness that led to the rape and sodomy charges. Petitioner had never been charged with a sex crime of any kind prior to this prosecution. He presented character witnesses who testified that he was a person of good character. The prosecutor, in argument, referred to 'Jekyll and Hyde' supposedly to make the point that a person's acquaintances may not always know his true character because he presents one image to them and another to victims of his crimes. In addition, the prosecutor referred to 'Jack the Ripper,' reminding the jury of the vicious sex criminal in London who mutilated his many female victims after murdering them. Petitioner's counsel objected to the 'Jack the Ripper' reference and the judge advised the jury to recall that it was only trying the one case and stated to the jury, 'Nobody is accusing this defendant of being Jack the Ripper.'
 
 
 3
 While there may have been some basis for the reference to 'Jakyll and Hyde' in light of the testimony of character witnesses, nevertheless, it was an extreme method of discounting that testimony. There is no excuse for the prosecutor's referring to Jack the Ripper in a case where the defendant was charged with a single crime and not the crime of murder which was Jack the Ripper's offense. However, the trial judge did properly admonish the jury and there was no motion for a mistrial. In addition, there was strong evidence, despite two previous hung juries, that the petitioner was guilty of the crime for which he was on trial.
 
 
 4
 Although we strongly disapprove of the conduct of the prosecutor in this case, particularly the inflammatory reference to a particularly vicious criminal where there was absolutely no basis for comparing the charge against this defendant with those for which Jack the Ripper is remembered, this is a habeas corpus action and our scope of review of charges such as these is quite narrow. Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir. 1979). Upon consideration of the entire record together with the briefs and oral arguments of counsel this court concludes that the prosecutorial argument in this case was not 'so egregious as to render the entire trial fundamentally unfair.' Id.
 
 
 5
 The judgment of the district court is affirmed
 
 
 
 *
 The Honorable David Dowd, Judge, United States District Court for the Northern District of Ohio, sitting by designation